UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES McGINITY,

       Petitioner,                              Case No. 2:25-cv-10706

v.                                                  Honorable Susan K. DeClercq
                                                         United States District Judge

ERIC RARDIN,

       Respondent.

_____/

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (ECF No. 5)**

On March 13, 2025, Petitioner James McGinity—a federal prisoner incarcerated at FCI Milan in Milan, Michigan—filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Now before the Court is Plaintiff's motion to appoint counsel. ECF No. 5.

In his § 2241 petition, McGinity alleges that he is elderly and eligible for early release to home confinement, but the Federal Bureau of Prisons (BOP) has denied him such early release. ECF No. 1. McGinity now moves for appointment of legal counsel on the basis that his case involves a complex legal question, he has no legal training, and he has limited access to the law library and other legal materials. ECF No. 5 at PageID.13.

A petitioner in a habeas proceeding has no constitutional right to counsel. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). But a habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the federal court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). "Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). The appointment of counsel in a habeas case remains discretionary if no evidentiary hearing is necessary. *Id*. "Counsel may be appointed, in exceptional cases, for a prisoner appearing pro se in a habeas action." *Id*. at 788. "The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting pro se in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Id*.

Thus far, it appears McGinity has adequately presented his habeas claim to the Court and his claim does not appear so complex that counsel is needed at this stage. *See* ECF No. 1. However, the Court recognizes that the interest of justice could requirement appointment of counsel at a later date. Thus, McGinity's motion to appoint counsel, ECF No. 5, will be denied without prejudice.

Accordingly, it is **ORDERED** that Petitioner's Motion to Appoint Counsel, ECF No. 5, is **DENIED WITHOUT PREJUDICE**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 13, 2025