UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES McGINITY,

                Petitioner,                      Case No. 2:25-cv-10706

v.                                          Honorable Susan K. DeClercq
                                          United States District Judge

ERIC RARDIN,

                Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF No. 9) AND DISMISSING HABEAS PETITION (ECF No. 1)**

In March 2025, federal prisoner James McGinity filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, McGinity claims that the Federal Bureau of Prisons (BOP) wrongfully denied him early release as an elderly offender under the Elderly Offender Home Detention Program (EOHDP). He seeks immediate release to home confinement or a halfway house. In July 2025, Respondent—Warden Eric Rardin—filed a motion to dismiss McGinity's petition. ECF No. 9. McGinity did not respond to Respondent's motion. As explained below, Respondent's motion will be granted and McGinity's petition will be dismissed.

## I. BACKGROUND

Petitioner is an inmate confined at the Federal Correctional Institute in Milan, Michigan. He is serving a 160-month sentence for his plea-based conviction of distributing child pornography. *See United States v. McGinity*, Case No. 15-cr-00078, ECF No.61, Judgment (S.D. Iowa). His projected release date is February 22, 2027. *See* ECF No. 9-1 at PageID.47.

On March 13, 2025, Petitioner filed this habeas action. He asserts that he is entitled to early release because he is over 65 years old and qualifies for early placement to home confinement or a halfway house under the EOHDP. ECF No. 1 at PageID.1. He alleges that the BOP has wrongfully determined that he is ineligible for his elderly release date. *Id.*

## II. LEGAL STANDARD

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within the respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c); *United States v. Mauro*, 436 U.S. 340 (1978)).

Because Petitioner is appearing *pro se*, the allegations in his Petition must be

- 2 -

construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). "However, this Court may dismiss the Petition at any time, or make such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief." *Fitzgerald v. Merlak*, No. 4:18 CV 286, 2018 WL 2952661, at *1 (N.D. Ohio June 11, 2018) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

### III. DISCUSSION

### A. Exhaustion

Respondent first argues that the Petition should be dismissed because McGinity has failed to exhaust his administrative remedies prior to filing the § 2241 petition. The Court agrees.

It is well-settled that federal prisoners must exhaust administrative remedies before filing a habeas petition under § 2241. *United States v. Wilson*, 503 U.S. 329, 334-336 (1992); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981).  If "a prisoner believes that his sentence is improperly computed because he has been unfairly denied credit toward the sentence imposed, he must pursue administrative review of that computation with the BOP prior to seeking habeas relief under § 2241." *Hedges v. United States Marshals Serv.*, No. 22-294, 2022 WL 17177630, at *2 (E.D. Ky.

Nov. 23, 2022).

The BOP has a multi-tiered administrative remedy program. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a), 542.18. If the prisoner is not satisfied with the warden's response, the prisoner can file a BP-10 Form to appeal to the Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. If the prisoner is not satisfied with the Regional Director's response, the prisoner can file a BP-11 Form to appeal to the General Counsel at the Central Office, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15, 542.18. A petitioner may only be excused from this requirement where he has established that "pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Byrd v. Fed. Bureau of Prisons*, No. 21-5911, 2022 U.S. App. LEXIS 5329, at *5 (6th Cir. Feb. 28, 2022) (quoting *Fazzini*, 473 F.3d at 236).

Here, although McGinity states that he "filed his administrative remedy and gotten no-where," ECF No. 1 at PageID.2, he has not alleged any additional facts which might demonstrate that his efforts warrant excusing exhaustion under the futility exception. Accordingly, McGinity's Petition may be dismissed on this basis alone.

- 4 -

## B. Merits

Even if this Court excused the exhaustion requirement, McGinity's claim would still not entitle him to relief because, as Respondent notes in its motion to dismiss, the EOHDP has expired.

The EOHDP allowed the BOP to release some or all eligible elderly offenders to home detention if they met certain criteria. *See* 34 U.S.C. § 60541(g)(1)(B). The statute creating the EOHDP specified that the program was to be in effect for a finite period of time—specifically, "during fiscal years 2019 through 2023." 34 U.S.C. § 60541(g)(3); *see also* ECF No. 9-1 at PageID.53. Thus, the plain language of the statute makes clear that the EOHDP expired in fiscal year 2023. Because the EOHDP is no longer in existence, there is no program under which Petitioner could be released, even if he was eligible under the program. *See Bear v. United States Bureau of Prisons*, No. 4:23-CV-1082, 2024 WL 4792069, at *3 (N.D. Ohio Nov. 14, 2024), report and recommendation adopted sub nom. *Bear v. Garza*, No. 4:23 CV 1082, 2024 WL 5075155 (N.D. Ohio Dec. 11, 2024) (dismissing the § 2241 petition as moot because the EOHDP no longer exists); *see also Pisciotta v. Warden F.C.I. Fort Dix*, No. CV 22-7314 (CPO), 2025 WL 1166516, at *3 (D.N.J. Apr. 22, 2025) (concluding that the petitioner's claims based upon denial of placement into the EOHDP were moot). Thus, because the EOHDP has expired, this Court cannot provide Petitioner with his requested relief.

In this way, McGinity's petition would be dismissed as moot on the merits, even if it were not dismissed for his failure to exhaust administrative remedies.

Accordingly, Respondent's motion to dismiss, ECF No. 9, will be granted and McGinity's habeas petition will be dismissed. A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241, so Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondent's Motion to Dismiss, ECF No. 9, is **GRANTED**.

Further, it is **ORDERED** that McGinity's Petition, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 9, 2026

- 6 -